## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**VOXPATH RS, LLC**

    Plaintiff,

            **v.**

**(1) DENON ELECTRONICS (USA), LLC;**
**(2) D&M HOLDINGS, INC.;**
**(3) BEST BUY CO., INC.;**
**(4) BESTBUY.COM, LLC;**
**(5) BEST BUY STORES, L.P.;**
**(6) BEST BUY ENTERPRISE SERVICES, INC.;**
**(7) PANASONIC CORPORATION OF NORTH AMERICA;**
**(8) PANASONIC CONSUMER ELECTRONICS COMPANY;**
**(9) PANASONIC CORPORATION;**
**(10) PIONEER ELECTRONICS (USA) INC.;**
**(11) PIONEER CORPORATION;**
**(12) SAMSUNG ELECTRONICS AMERICA, INC.;**
**(13) SAMSUNG ELECTRONICS CO., LTD.;**
**(14) SONY CORPORATION OF AMERICA;**
**(15) SONY COMPUTER ENTERTAINMENT INC.;**
**(16) SONY COMPUTER ENTERTAINMENT AMERICA INC.;**
**(17) SONY ELECTRONICS INC.;**
**(18) SONY CORPORATION;**
**(19) LG ELECTRONICS U.S.A., INC.;**
**(20) LG ELECTRONICS INC.;**
**(21) TOSHIBA AMERICA, INC.;**
**(22) TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.;**
**(23) TOSHIBA CORPORATION;**
**(24) ONKYO U.S.A. CORPORATION; and**
**(25) ONKYO CORPORATION,**

    Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, VoxPath RS, LLC, makes the following allegations against defendants, Denon Electronics (USA), LLC, D&M Holdings, Inc., Best Buy Co., Inc., BestBuy.com, LLC, Best Buy Stores, L.P., Best Buy Enterprise Services, Inc., Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Panasonic Corporation, Pioneer Electronics (USA) Inc., Pioneer Corporation, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Electronics Inc., Sony Corporation, LG Electronics U.S.A., Inc., LG Electronics Inc., Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Corporation, Onkyo U.S.A. Corporation, and Onkyo Corporation (collectively the "Defendants").

## PARTIES

1.      Plaintiff VoxPath RS, LLC ("VoxPath") is a Delaware limited liability company having a principal place of business at 8810 Business Park Drive, Suite 200, Austin Texas 78759.

2.      On information and belief, Defendant Denon Electronics (USA), LLC ("Denon") is a Delaware limited liability company with its principal place of business at 100 Corporate Dr. Mahwah, NJ 07430-2041.  Denon has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

3.      On information and belief, Defendant D&M Holdings, Inc. ("D&M") is a Japanese corporation with its principal place of business located at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan.  On information and belief, D&M may be served

at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4.     On information and belief, Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  Best Buy has appointed CT Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, as its agent for service of process.

5.     On information and belief, Defendant BestBuy.com, LLC ("BestBuy.com") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  BestBuy.com has appointed CT Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, as its agent for service of process.

6.     On information and belief, Defendant Best Buy Stores, L.P. ("Best Buy Stores") is a Virginia limited partnership with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.   Best Buy Stores has appointed CT Corporation System, 4701 Cox Rd., Ste. 301, Glen Allen, VA 23060-6802, as its agent for service of process.

7.     On information and belief, Defendant Best Buy Enterprise Services, Inc. ("Best Buy Enterprise") is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.  Best Buy Enterprise has appointed CT Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, as its agent for service of process.

8.     On information and belief, Defendant Panasonic Corporation of North America ("Panasonic N.A.") is a Delaware corporation with its principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094.   Panasonic N.A. has appointed The Corporation Trust

Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

9.      On information and belief, Defendant Panasonic Consumer Electronics Company ("Panasonic Consumer") is a subsidiary of Panasonic N.A. with a principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094.  On information and belief, Panasonic Consumer has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

10.      On information and belief, Defendant Panasonic Corporation ("Panasonic") is a Japanese corporation with its principal place of business at 1006 Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.  On information and belief, Panasonic may be served at 1006 Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

11.      On information and belief, Defendant Pioneer Electronics (USA) Inc. ("Pioneer USA") is a Delaware corporation with its principal place of business at 2265 East 220th Street, Long Beach, California 90810.  Pioneer USA has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

12.      On information and belief, Defendant Pioneer Corporation ("Pioneer") is a Japanese corporation with its principal place of business at 4-1 Meguro 1-Chome, Meguro-ku, Tokyo 153-8654, Japan.  On information and belief, Pioneer may be served at 1-4-1 Meguro, Meguro-ku, Tokyo 153-8654, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

13.       On information and belief, Defendant Samsung Electronics America, Inc.

-4-

("Samsung America") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung America has appointed CT Corporation System, 111 Eighth Avenue, New York, NY 10011, as its agent for service of process.

14.    On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung") is a Korean corporation with its principal place of business at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea.  On information and belief, Samsung may be served at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

15.    On information and belief, Defendant Sony Corporation of America ("Sony America") is a New York corporation with its principal place of business at 550 Madison Avenue, New York, NY 10022.  Sony America has appointed Corporation Service Company, 80 State Street, Albany, New York, 12207-2543, as its agent for service of process.

16.    On information and belief, Defendant Sony Computer Entertainment Inc.  ("Sony CE") is a Japanese corporation with its principal place of business at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062 Japan.  On information and belief, Sony CE may be served at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062 Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

17.    On information and belief, Defendant Sony Computer Entertainment America Inc. ("Sony CEA") is a Delaware corporation with its principal place of business at 919 & 989 East Hillsdale Boulevard, Foster City CA, 94404.  Sony CEA has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Willington, DE 19808, as its agent for service of process.

18.     On information and belief, Defendant Sony Electronics Inc. ("Sony Electronics") is a Delaware corporation with its principal place of business at 16530 Via Esprillo, San Diego, CA 92127.  Sony Electronics has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Willington, DE 19808, as its agent for service of process.

19.     On information and belief, Defendant Sony Corporation ("Sony") is a Japanese corporation with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.  On information and belief, Sony may be served at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

20.     On information and belief, Defendant LG Electronics U.S.A., Inc. ("LG U.S.A.") is a Delaware Corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.  LG U.S.A. has appointed United States Corporation Company, 2711 Centerville Road Suite 400, Wilmington, DE 19808, as its agent for service of process.

21.     On information and belief, Defendant LG Electronics Inc. ("LG") is a Korean corporation with its principal place of business at LG Twin Towers 20, Yeouido-dong, Youngdungpo-gu, Seoul, Korea 150-721.  On information and belief, LG may be served at LG Twin Towers 2-20, Yeouido-dong, Youngdungpo-gu, Seoul, Korea 150-721, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

22.     On information and belief, Defendant Toshiba America, Inc. ("Toshiba America") is a Delaware Corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020.  Toshiba America has appointed Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

23.     On information and belief, Defendant Toshiba America Consumer Products, L.L.C. ("Toshiba Consumer") is a New Jersey Limited Liability Company with its principal place of business at 82 Totowa Road, Wayne, New Jersey 07470. Toshiba Consumer has appointed The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628, as its agent for service of process.

24.     On information and belief, Defendant Toshiba Corporation ("Toshiba") is a Japanese corporation with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. On information and belief, Toshiba may be served at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

25.     On information and belief, Defendant Onkyo U.S.A. Corporation ("Onkyo U.S.A.") is an Illinois Corporation with its principal place of business at 18 Park Way, Upper Saddle River, NJ 07458. Onkyo U.S.A. has appointed Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703, as its agent for service of process.

26.     On information and belief, Defendant Onkyo Corporation ("Onkyo") is a Japanese corporation with its principal place of business at 2-1, Nisshin-cho, Neyagawa-shi, Osaka 572-8540, Japan. On information and belief, Onkyo may be served at 2-1, Nisshin-cho, Neyagawa-shi, Osaka 572-8540, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

## JURISDICTION AND VENUE

27.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

28.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).   On information and belief, each of the Defendants has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

29.     On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,450,378**

30.     Plaintiff VoxPath is the owner by assignment of United States Patent No. 5,450,378 (the "'378 patent") entitled Holographic Elements for an Optical Recording System. The '378 patent issued on September 12, 1995.  A true and correct copy of the '378 patent is included as Exhibit A.

31.     Upon information and belief, Defendant Denon has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all

-8-

like products and related services that are covered by one or more claims of the '378 patent, Denon has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

32.     Upon information and belief, Defendant D&M has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, D&M has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

33.     Upon information and belief, Defendant Best Buy has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the

'378 Patent. Best Buy's infringing acts include, by way of example only and without limitation, the sale and offer for sale of Insignia® brand Blu-Ray Disc Players. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Best Buy has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

34. Upon information and belief, Defendant BestBuy.com has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. BestBuy.com's infringing acts include, by way of example only and without limitation, the sale and offer for sale of Insignia® brand Blu-Ray Disc Players. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, BestBuy.com has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

35. Upon information and belief, Defendant Best Buy Stores has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using,

importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  Best Buy Stores' infringing acts include, by way of example only and without limitation, the sale and offer for sale of Insignia® brand Blu-Ray Disc Players.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Best Buy Stores has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

36.     Upon information and belief, Defendant Best Buy Enterprise has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  Best Buy Enterprise's infringing acts include, by way of example only and without limitation, the sale and offer for sale of Insignia® brand Blu-Ray Disc Players.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Best Buy Enterprise has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent

pursuant to 35 U.S.C. §271.

37.     Upon information and belief, Defendant Panasonic N.A. has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Panasonic N.A. has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

38.     Upon information and belief, Defendant Panasonic Consumer has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of

the '378 patent, Panasonic Consumer has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

39.     Upon information and belief, Defendant Panasonic has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Panasonic has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

40.     Upon information and belief, Defendant Pioneer USA has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such

apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Pioneer USA has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

41.     Upon information and belief, Defendant Pioneer has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Pioneer has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

42.     Upon information and belief, Defendant Samsung America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more

claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Samsung America has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

43.     Upon information and belief, Defendant Samsung has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Samsung has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

44.     Upon information and belief, Defendant Sony America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of

light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Sony America has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

45.     Upon information and belief, Defendant Sony CE has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Sony CE has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

46.     Upon information and belief, Defendant Sony CEA has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light

source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Sony CEA has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

47.     Upon information and belief, Defendant Sony Electronics has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Sony Electronics has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

48.     Upon information and belief, Defendant Sony has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical

data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Sony has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

49. Upon information and belief, Defendant LG U.S.A. has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent. By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, LG U.S.A. has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

50. Upon information and belief, Defendant LG has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering

for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, LG has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

51.     Upon information and belief, Defendant Toshiba America has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Toshiba America has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

52.     Upon information and belief, Defendant Toshiba Consumer has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Toshiba Consumer has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

53.     Upon information and belief, Defendant Toshiba has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Toshiba has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

54.     Upon information and belief, Defendant Onkyo U.S.A. has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing

infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Onkyo U.S.A. has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

55.     Upon information and belief, Defendant Onkyo has been and now is directly and jointly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '378 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling certain apparatuses for controlling at least one beam of light in an optical data storage system, such as optical disc storage and/or playback systems having a light source and a multi-function volume holographic optical element in the path of light from the light source that performs a plurality of optical functions covered by one or more claims of the '378 Patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '378 patent, Onkyo has injured VoxPath and is thus liable to VoxPath for infringement of the '378 patent pursuant to 35 U.S.C. §271.

56.     On information and belief, to the extent any marking was required by 35 U.S.C. §

287, all predecessors in interest to the '378 patent have complied any with such requirements.

57.     To the extent that facts learned in discovery show that any one of the Defendants' infringement of the '378 patent is or has been willful, Plaintiff VoxPath reserves the right to request such a finding at time of trial.

58.     As a result of these Defendants' infringement of the '378 patent, Plaintiff VoxPath has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff VoxPath will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

59.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '378 patent, Plaintiff VoxPath will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VoxPath respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff VoxPath that Defendants have infringed, directly and jointly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '378 patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '378 patent;

3.      A judgment and order requiring Defendants to pay Plaintiff VoxPath its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '378 patent as provided under 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff VoxPath its reasonable attorneys' fees; and

5.      Any and all other relief to which Plaintiff VoxPath may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff VoxPath, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**VOXPATH RS, LLC**

Dated: November 19, 2009

By: _/s/ Andrew W. Spangler_
Andrew W. Spangler
State Bar No. 24041960
SPANGLER LAW P.C.
104 E. Houston Street, Ste. 135
Marshall, Texas 75670
Telephone: 903/935-3443
Facsimile: 903/938-7843
spangler@spanglerlawpc.com

Marc A. Fenster
California Bar No. 181067
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991
mfenster@raklaw.com

**ATTORNEYS FOR PLAINTIFF
VOXPATH RS, LLC**